# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES V. CANTRALL,

        **Petitioner,**

    v.                             CASE NO. 10-3197-RDR

C. CHESTER,

        **Respondent.**

## O R D E R

Petitioner, a prisoner incarcerated in a federal facility in Kansas, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241 on allegations of error in the execution of his federal sentence by the Bureau of Prisons (BOP).

Petitioner was convicted in the United States District Court for the Central District of Illinois on his plea of guilty to drug charges. The sentence imposed in November 2008 included a two point gun enhancement. Petitioner contends BOP is unlawfully using this sentencing enhancement to deny him eligibility for a one year reduction in his sentence under 18 U.S.C. § 3621(e) upon his completion of the Residential Drug Abuse Program (RDAP).

*Petitioner's Exhaustion of Administrative Remedies*

It is well-settled in this circuit that exhaustion of available remedies is required before seeking habeas corpus relief under § 2241 in a federal court. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.2010). *See e.g., Montez v. McKinna*, 208 F.3d 862, 866 (10th

Cir.2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986)(federal prisoners must exhaust administrative remedies before commencing a petition pursuant to § 2241).

Petitioner sets forth his attempts to exhaust BOP administrative remedies, but this account reflects that his administrative appeals to the warden, regional director, and central office were rejected on procedural grounds.[1] Petitioner characterizes this history as "blocking" him from the administrative remedy process. While a narrow exception to the exhaustion requirement has been recognized for futility, *Garza*, 596 F.3d at

---

[1]As noted in *Garza*,

> BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy to the institution. See 28 C.F.R. §§ 542.13-14. If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal. Id. § 542.15(a).

596 F.3d at 1204.

In the present case, petitioner's BP-9 submitted to the warden after being found ineligible for early release under § 3621(e) was rejected, citing petitioner's failure to first attempt or document his informal resolution with his Unit Manager. Petitioner's BP-10 to the regional officer was rejected because he did not file a BP-9 or attempt informal resolution. Petitioner's BP-11 to the central office was rejected as submitted to the wrong level.

Petitioner contends error in the administrative responses, and documents his attempt at informal resolution with his unit manager. In his first administrative appeal, however, he cites seeing the RDAP Coordinator both before *and after* submitting his informal resolution request (BP-8). Although petitioner documents the unit team's response to the BP-8, it is arguably ambiguous as to whether his first administrative appeal encompassed information not yet presented to the Unit Team. Moreover, petitioner's appeals to the regional and central offices do not cite or reference any error in the procedural rejections of petitioner's lower appeals.

1203-04, the court finds petitioner's efforts at pursuing administrative remedies is insufficient to show that administrative relief was "effectively foreclosed" to petitioner. *Goodwin v. Oklahoma*, 23 F.2d 156, 158 (10th Cir.1991).

Accordingly, the court finds the petition is subject to being summarily dismissed without prejudice because petitioner has not first properly exhausted available administrative remedies.

*Petitioner's Claims*

Alternatively, the court finds the petition is subject to being dismissed on the merits notwithstanding petitioner's nonexhaustion of remedies. *See e.g., Montez*, 208 F.3d at 866 ("because no credible federal constitutional claim is raised in [the] petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) in this case").

To be entitled to habeas corpus relief, petitioner must demonstrate he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It appears controlling precedent in this circuit precludes from making any such showing.

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP may grant a sentence reduction upon the successful completion of RDAP by a prisoner convicted of a nonviolent offense. Petitioner contends he was convicted of nonviolent drug offenses, and is wrongfully being denied eligibility to a one year reduction in his sentence solely because of the two point gun enhancement to his federal sentence. In part petitioner relies on *Fristoe v. Thompson*, 144 F.3d 627 (10th

3

Cir.1998), in which the Tenth Circuit found BOP's consideration of a gun sentencing enhancement to a nonviolent drug trafficking offense, to determine eligibility for early release under § 3621(e), violated the plain language of that statute. That holding in *Fristoe*, however, was based on a earlier version of a BOP regulation that would not have applied to petitioner. *See e.g. Abernathy v. Terrell*, 455 F.Supp.2d 1226 (D.Kan. 2006)(holding in *Fristoe* abrogated by BOP's subsequent adoption of a different early release regulation, and by Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230 (2001)).

The Tenth Circuit Court of Appeals recently outlined the history surrounding BOP's promulgation of rules to implement the early release provision in § 3621(e), noting in part the Supreme Court's holding that BOP has the authority to provide reasonable exclusions from § 3621(e)(2)(B) early release eligibility, and can exercise its discretion to place restrictions on early release that are not set forth in the statute. *See Licon v. Ledezma*, __ F.3d __, 2011 WL 1137056, *2-3 (10th Cir.2011)(*citing Lopez*, 531 U.S. at 238-40). Accordingly, petitioner's challenge to BOP's authority to make eligibility for early release under § 3621 dependent on more than his conviction offenses has no merit, and his reliance on *Fristoe v. Thompson*, 144 F.3d 627 (10th Cir. 1998), is misplaced.[2]

---

[2]*Licon* further noted BOP's issuance, after *Fristoe*, of an amended interim rule in 1997 to rely on the discretion afforded the BOP Director to grant a sentencing reduction, rather than on the statutory exclusion for "crimes of violence," to categorically exclude from early release all inmates convicted of a felony that involved the "the carrying, possession, or use of a firearm or other dangerous weapon or explosives." __ F.3d. __, 2011 WL 1137056 at *

Likewise, petitioner's amendment to his petition to allege the BOP rule violated the Administrative Procedures Act appears defeated by the Tenth Circuit's finding that BOP's 1997 interim regulation which was finalized in 2000, as well as BOP's amendment of the regulation in 2009, are substantively valid and not arbitrary and capricious. *Licon*, __ F.3d __, 2011 WL 1130756 at *5-6.

To the extent petitioner relies on *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), and contends he would be entitled to the one year reduction in his sentence if he were confined in a facility in the Ninth Circuit, that decision is not binding in this circuit. Also, the Tenth Circuit has joined the growing majority of courts critical of *Arrington*. *See Licon*, __ F.3d __, 2011 WL 1137056 at *4.

Nor is there any merit to petitioner's contention that the denial of early release eligibility unconstitutionally impairs a protected liberty interest. Section 3621(e) does not implicate a constitutionally protected liberty interest because it does not mandate a sentence reduction. Courts have consistently held that § 3621(e) does not create a constitutionally protected liberty interest in RDAP or the reduction of confinement. *See e.g. Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir.2000)(sentence reduction under § 3621(e)(2)(B) is within unfettered discretion of BOP; statute creates no constitutionally protected liberty interest in reduction of sentence). *See also Royal v. Scibana*, 309 Fed.Appx. 284, 286 (10th Cir.2009)("Just as a prisoner does not possess a

_____

2 (citing 28 C.F.R. § 550.58(a)(1)(vi)(B) (1997)).

constitutional right to a reduction of a valid sentence, ..., [he] does not possess a constitutional right to retain provisional eligibility for the reduction of a valid sentence.")(citation omitted).[3]

### Show Cause Order to Petitioner

The court thus directs petitioner to show cause why the petition should not be dismissed without prejudice, based upon petitioner's failure to exhaust administrative remedies, or alternatively, why the petition should not be summarily dismissed as having no merit. The failure to file a timely response may result in the petition being dismissed without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice based upon petitioner's nonexhaustion of administrative remedies, or alternatively, why the petition should not be dismissed on the merits for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED: This 18th day of May 2011, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[3]This unpublished Tenth Circuit decision is cited for persuasive value only under 10th Cir. Rule 32.1.