IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES V. CANTRALL,**

               **Petitioner,**

    v.                                     CASE NO. 10-3197-RDR

**C. CHESTER,**

               **Respondent.**

**O R D E R**

Petitioner seeks relief under 28 U.S.C. § 2241 on allegations of error in the execution of his federal sentence by the Bureau of Prisons (BOP) in denying him a reduction in his sentence pursuant to 18 U.S.C. § 3621(e) upon his completion of a Residential Drug Adjustment Program (RDAP). Petitioner entered a guilty plea to drug charges in the Central District of Illinois. The sentence imposed in November 2008 included a two point gun enhancement. Petitioner contends the use of this sentencing enhancement to deny him eligibility for a one year reduction in his sentence under 18 U.S.C. § 3621(e) is unlawful.

Noting the rejection of petitioner's administrative appeals for procedural defect, the court directed petitioner to show cause why the petition should not be dismissed without prejudice based upon petitioner's failure to exhaust available administrative remedies.

Alternatively, the court directed petitioner to show cause why the petition should not be denied on the merits, given the Supreme Court's decision in *Lopez* and the Tenth Circuit Court of Appeals'

decision in *Lico*

In response, petitioner contends he satisfied the exhaustion requirement because the warden's finding that petitioner had not yet attempted informal resolution of his claim for early release under § 3621(e) was contrary on its face to the informal grievance form attached to petitioner's appeals to the regional and national offices. Although the informal grievance form provided as an exhibit in this action might well support petitioner's insistence that he had in fact pursued informal resolution of his claims, petitioner did not seek redress of this error in his subsequent appeals to the regional and national offices. Accordingly, it remains the case that petitioner's administrative appeals were rejected on procedural grounds rather than on the merits of his § 3621(e) claim. The court continues to question whether this is sufficient to show petitioner's full and proper exhaustion of administrative remedies.

Nonetheless, the court finds dismissal of the petition is warranted for lack of merit. *See Montez*, 208 F.3d at 866 (appropriate to apply § 2254(b)(2) policy and dismiss § 2241 on merits notwithstanding failure to exhaust remedies).

In response to the show cause order, petitioner contends *Lico* can be distinguished because that prisoner was *convicted* on the charge of being a felon in possession, whereas petitioner has no such conviction and is being denied eligibility for § 3621(e) early release based only on a sentencing enhancement. This distinction bears no weight, because the *Lico* decision arises from and applies the holding in *Lopez*, a case involving the use of a sentencing enhancement, for possessing a firearm in connection with the

2

conviction offense of possession with intent to distribute methamphetamine, to deny § 3621(e) early release eligibility. Likewise, petitioner's continued reliance on *Scroger v. Guido*, 202 F.3d 1249 (10th Cir.2000),[1] is misplaced as the holding in that Tenth Circuit case was vacated and remanded by the Supreme Court for further consideration in light of *Lopez*.

Petitioner further contends BOP's use of a sentencing enhancement to categorically deny § 3621(e) eligibility violates the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because his use of a gun in connection with his drug offenses was not a fact proven to a jury beyond a reasonable doubt. This argument has no legal merit. At issue in this matter is BOP's regulatory denial of § 3621(e) early release eligibility to petitioner. No increase to the sentence imposed by the sentencing court is implicated.

Accordingly, for the reasons stated herein and in the show cause order entered on May 18, 2011, the court concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that all relief is denied on the petition for a writ of habeas corpus under 28 U.S.C. § 2241, and the petition is dismissed.

**IT IS SO ORDERED.**

DATED: This 8th day of June 2011, at Topeka, Kansas.

                                              s/ Richard D. Rogers  
                                              RICHARD D. ROGERS  
                                              United States District Judge

---

[1] Jimmy Scroger is one of three petitioners in *Ward v. Booker*, a case generally cited using the name of the lead petitioner, James Ward.

3